IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| THOMAS JEFFERSON WILLIS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0242 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner, a state prisoner confined at the Dalhart Unit in Hartley County, Texas, has filed a petition for a federal writ of habeas corpus challenging a May 4, 2006 prison disciplinary proceeding which took place at the Terrell Unit in Brazoria County, Texas, and resulted in a loss of 400 days previously accrued good time credits. It is the RECOMMENDATION of the undersigned United States Magistrate Judge that petitioner's federal habeas application be DENIED without prejudice.

I.
PROCEDURAL HISTORY

On May 4, 2006, the date of the disciplinary proceeding which petitioner challenges, petitioner was in respondent's custody pursuant to four (4) convictions and sentences out of the

337th Judicial District Court of Harris County, Texas:

| Offense | Sentence Date | Sentence |
| --- | --- | --- |
| 1. Forgery | April 15, 1993 | 10-year sentence |
| 2. Possession of a controlled substance | April 15, 1993 | 13-year sentence |
| 3. Delivery of a controlled substance | April 15, 1993 | 13-year sentence |
| 4. Robbery | April 15, 1993 | 13-year sentence |

Petitioner's sentences are running concurrently.[1]

On May 3, 2006, petitioner was charged, in Cause No. 20060246160 with a Level 2, Code 12 prison disciplinary offense for possession of marijuana. On May 4, 2006, a prison disciplinary proceeding was held on these charges. Petitioner was present at the hearing but did not enter a plea to the charge. After the hearing, petitioner was found guilty based on the officer's report and a supporting witness. Punishment assessed included forfeiture of 400 days previously accrued good time credits.[2] Petitioner filed a Step 1 grievance challenging the finding of guilt which was denied on June 5, 2006. Petitioner filed a Step 2 grievance which was denied on June 30, 2006. On August 8, 2006, petitioner discharged his 10-year forgery sentence.

On September 6, 2006,[3] petitioner filed this federal habeas corpus application, said application being received and filed of record on September 15, 2006. Petitioner contends his disciplinary conviction is not supported by the evidence as the marijuana was found in a common area accessible to all offenders, and he was denied due process in the proceeding because of counsel

---

[1] Petitioner was paroled on all of his convictions on August 9, 2000, but was returned to custody on August 19, 2004 for violations of parole. Petitioner's sentence begin dates have been calculated as September 17, 1997 for his delivery conviction, September 19, 1997 for his robbery conviction, and November 8, 1997 for his possession conviction.

[2] Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

[3] *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (a prisoner's *pro se* federal habeas petition is deemed filed when the inmate delivers the papers to prison authorities for mailing).

substitute's failure to investigate and question witnesses concerning petitioner's lack of possession of the controlled substance.[4]  On October 30, 2006, respondent filed an answer arguing petitioner's claims fail to state a claim for which federal habeas relief can be granted.  Respondent argued petitioner was not eligible for mandatory supervision at the time of the disciplinary action due to his conviction for robbery.  On December 7, 2006, petitioner filed a reply in opposition to respondent's answer.  On February 9, 2007, in response to this Court's Order, respondent filed a Supplemental Answer.

## II.
## ELIGIBILITY FOR MANDATORY SUPERVISED RELEASE

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release and have received a punishment sanction which included forfeiture of previously accrued good time credits.  *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).  At the time petitioner was alleged to have committed the disciplinary offense (April 29, 2006) and at the time of the disciplinary proceeding and finding of guilt (May 4, 2006), petitioner was confined and in respondent's custody pursuant to his all four (4) of his 1993 convictions.  The forgery, possession of a controlled substance, and delivery of a controlled substance convictions were all offenses on which petitioner was eligible for release to mandatory supervision.  At the time petitioner committed his robbery offense (October 3, 1992), however, prisoners serving a sentence for robbery were not eligible to be released to mandatory supervision.  *See*  Tex. Crim. Proc. art. 42.18 § 8(c)(10) (Vernon 1992). Consequently, at the time of his disciplinary offense, petitioner was eligible for release to

---

[4] In essence, petitioner is asserting he is actually innocent of the disciplinary offense.  Actual innocence is not a substantive claim cognizable on federal habeas corpus review.

mandatory supervision on three (3) of his convictions/sentences, but <u>not</u> eligible for release to mandatory supervision on the fourth conviction, *i.e.*, for robbery.  An affidavit from TDCJ-CID provided by respondent states, "[A]ll offenses are calculated as individual offenses, therefore, if an offense is eligible for mandatory supervision by statute each offense will have an individual mandatory supervision release date."[5]  Also according to this affidavit, petitioner's sentence for his possession offense, a mandatory supervision-eligible offense, will not discharge until <u>after</u> his sentence for robbery, a mandatory supervision-<u>in</u>eligible offense.  That is, petitioner's sentence for possession will discharge May 10, 2014, forty-five (45) days later than his sentence for robbery (which will discharge March 21, 2014).[6]  Consequently, it is possible that petitioner <u>could</u> still be confined on the mandatory supervision-eligible 13-year controlled substance possession sentence after he discharges his mandatory supervision-<u>in</u>eligible 13-year robbery sentence.  As there is no *de minimis* analysis for the effect of a Texas inmate's loss of previously-earned good time credit on his sentence, *Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007), the reinstatement of petitioner's forfeited good time credits <u>could</u> <u>possibly</u> affect the duration of petitioner's confinement on his possession conviction/sentence.  Petitioner would thus have a liberty interest in his good time credits at the time of his disciplinary offense and proceeding, and this Court would not be precluded from hearing the merits of petitioner's claims.

Even though, as explained above, reinstatement of his good time credits <u>could</u> affect petitioner's release on the possession offense, petitioner is still not entitled to relief because it is not

---

[5] The affidavit provided the current mandatory supervision release date for petitioner's remaining three (3) sentences which reflected the 400-day loss of good time resulting from the disciplinary action challenged herein, as well as the current release date based on petitioner's time earning status <u>after</u> the disciplinary action.

[6] Petitioner's sentence for his forgery conviction has already discharged, and his sentence for his delivery conviction is set to discharge on March 19, 2014, <u>prior to</u> the discharge of his robbery conviction.

possible to determine whether the loss of the previously accrued good time credits will, in fact, affect the duration of petitioner's confinement. Operation of events subsequent hereto may render petitioner's claims completely moot.

As of January 5, 2007, the date TDCJ-CID submitted an affidavit detailing relevant dates and information regarding petitioner's sentence, petitioner's newly accrued good time and flat time set his mandatory supervision release date on his possession conviction/sentence at May 5, 2014, still a date <u>after</u> petitioner's March 21, 2014 discharge date on his robbery conviction/sentence but five (5) days earlier than the May 10, 2014 maximum discharge date on the possession offense referenced above. The earning of additional good time credits between January 5, 2007 and the year 2014 will, in all probability, move petitioner's mandatory supervision release date on his possession conviction/sentence to a date <u>prior to</u> his March 21, 2014 discharge date for his robbery conviction. If that happened and petitioner were awarded mandatory supervision on a new mandatory supervision eligibility date on his possession conviction, he could <u>not</u> be physically released from confinement to mandatory supervision prior to the completion of his sentence for robbery. Since petitioner would still be confined on the robbery sentence <u>after</u> any "release" to mandatory supervision on the possession sentence, reinstatement of any forfeited good time credits would <u>not</u> affect the duration of petitioner's confinement. Since the Court cannot determine if the loss of good time credits[7] will actually result in petitioner's delayed release from confinement, the undersigned finds federal habeas relief should not be granted and that petitioner's habeas application should be denied without prejudice to petitioner refiling his habeas petition at a future time if he can establish the restoration of the 400 days good time credits will, in fact, result in his

---

[7] Making the necessary assumption that the loss was the result of an unconstitutional disciplinary proceeding.

earlier release.[8]

### III.
### RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner THOMAS JEFFERSON WILLIS be DENIED.

### IV.
### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 16th day of June, 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as

---

[8]Although petitioner was eligible for mandatory supervised release on his possession and delivery sentences, any "constructive" release to mandatory supervision on those sentences would not have affected the duration of petitioner's incarceration. Consequently, the loss of 400 days good time did not result in a delayed release from confinement and, therefore, petitioner had no liberty interest in his lost good time.

indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).